# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:05CV260

| | |
|---|---|
| LOUISA C. CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment and Brief Supporting Motion for Summary Judgment, both filed March 8, 2006, and Defendant's Motion for Summary Judgment and "Memorandum in Support of the Commissioner's Decision," both filed April 20, 2006.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the standing order of designation, this Court referred the case to Chief United States Magistrate Judge Carl Horn for recommended disposition. In a "Memorandum and Recommendation" filed April 26, 2006, Magistrate Judge Horn recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. Plaintiff filed her "Objections to the Recommendation of the United States Magistrate Judge" on May 8, 2006. Defendant filed a "Response to Plaintiff's Objection to the Recommendation of the United States Magistrate Judge" on May 11, 2006. All of the Objections are deemed timely and are considered herein.

1

# I. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Keeler v. Pea*, 782 F. Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, the statute does not require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200; *Eaker v. Apfell*, 152 F. Supp. 2d 863, 864 (W.D.N.C. 1998). Nonetheless, a district court judge is responsible for the final determination and outcome of the case and, therefore, this Court has conducted a careful review of Magistrate Judge Horn's "Memorandum and Recommendation," as well as a *de novo* review of those issues specifically raised in Plaintiff's Objections.[1]

# II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff did not object to any of the findings of fact made by Magistrate Judge Horn. Consequently, to the findings of fact to which Plaintiff does not object, this Court conducted a careful review and adopts the findings of fact in the Magistrate Judge's Recommendation.

---

[1] The undersigned notes that the district court's review of the Commissioner's decision is limited to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the reviewing court disagrees with the outcome, as long as there is substantial evidence in the record to support the decision below, it must be affirmed. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF LAW

Applying the careful standard of review to those portions of the Magistrate Judge's recommendation to which Plaintiff did not specifically object, the Court finds that the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent with the current case law. The Court must now consider the specific objection raised by the Plaintiff. As to all issues not specifically discussed below, this Court has conducted a careful review of all issues and adopts the recommendations of Magistrate Judge Horn.

Plaintiff objects to the Magistrate Judge's finding that substantial evidence supports the Administrative Law Judge's findings concerning Plaintiff's alleged shoulder impairment. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to evaluate the potential limiting effects of Plaintiff's shoulder impairment and made no findings whatsoever regarding the shoulder impairment. (Pl. Obj. p. 2). Significantly, in her initial Motion for Summary Judgment, Plaintiff's sole argument was that the ALJ improperly failed to evaluate the effect of a right shoulder impairment on her residual functional capacity. (Pl. Br. Supp. Mot. for Summ. Judgm. pp. 3-5). Now, Plaintiff argues that in giving no consideration to the impairment the ALJ violated SSR 96-8p and in his review of the ALJ's decision, the Magistrate Judge reviewed the ALJ's treatment of other evidence in the record and did not address the ALJ's failure to provide a finding regarding Plaintiff's shoulder impairment. (*Id.*).

In response, the Government notes that the ALJ fully considered all of Plaintiff's medical conditions, as described in the medical records and including Plaintiff's shoulder impairment, in determining Plaintiff's residual functional capacity ("RFC"). (Def. Resp. to Pl. Obj. p. 3). The Government further states that in discussing the factual background of this case, Magistrate

Judge Horn provided a complete and accurate account of the medical evidence and only after carefully reviewing the full medical record did the Magistrate Judge conclude that the ALJ's findings concerning Plaintiff's RFC was supported by substantial evidence. (*Id.*).

The findings of the Commissioner as to any fact are conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a scintilla . . . [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Heckler*, 782 F.2d 1176, 1178 (4th Cir. 1986). Furthermore, so long as the Commissioner's final decision is supported by substantial evidence, it is not the duty of the reviewing court to re-weigh the evidence or substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Court finds that the Magistrate Judge correctly concluded that there was substantial evidence on which the ALJ made his decision. The ALJ relied on the testimony of Plaintiff and the medical records submitted to the court, which included records regarding Plaintiff's right shoulder impairment. ( Tr. 17, 271, 273, 290, 344, 350, 351-52). Moreover, Magistrate Judge Horn provided a complete and accurate account of the medical history in this case and, after his review, concluded that the ALJ's finding concerning Plaintiff's RFC, even taking into consideration her alleged right shoulder impairment, was supported by substantial evidence. (M&R pp. 2-5, 8-9). Therefore, the Court concludes that the Magistrate Judge correctly found that there is substantial evidence supporting the ALJ's findings concerning the Plaintiff's alleged shoulder impairment and RFC.

## IV. CONCLUSION

After a *de novo* review of the sections of the "Memorandum and Recommendation" to

which Plaintiff specifically objected, and a careful review of the portions of the Recommendation to which there were no specific objections, this Court agrees with the recommendation of Magistrate Judge Horn.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's determination be **AFFIRMED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge